UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSSELYN MELIZA ACOSTA VILLANUEVA,

Petitioner(s),

v.

BRUCE SCOTT,

Respondent(s).

CASE NO. C26-4474-KKE

ORDER GRANTING UNOPPOSED HABEAS PETITION

Petitioner Josselyn Meliza Acosta Villaneuva has been detained by U.S. Immigration and Customs Enforcement ("ICE") since December of 2025. Dkt. No. 1 ¶ 3. Petitioner was first arrested and detained in New Jersey, where she had been living since 2022. *Id.* ¶ 2–3. ICE subsequently transferred her to Adelanto, California, and then to Tacoma, Washington, where she remains detained at the Northwest ICE Processing Center ("NWIPC"). *Id.* ¶ 3. Prior to her arrest, Petitioner applied for asylum and received a valid work permit from March 28, 2024, through March 27, 2029. *Id.* at 48. Petitioner alleges she has worked lawfully, paid her taxes, and has no criminal history. Dkt. No. 1 ¶ 38.

On February 12, 2026, an immigration judge ("IJ") ordered Petitioner's removal to Ecuador. *Id.* at 24. Petitioner appealed that order, which remains pending before the Board of Immigration Appeals. *Id.* at 21. A bond hearing was held before an IJ in August of 2026, though Petitioner alleges that she was unable to "prepare" or "gather evidence," including her "letters of

support," because she was not given advanced notice of the hearing. *Id.* ¶ 28. The IJ denied bond. *Id.* The record does not contain the bond order; thus, the IJ's basis for denying bond is unknown. Petitioner filed this habeas petition on November 16, 2025. The petition challenges the sufficiency of the bond hearing and argues that Petitioner's continued detention violates due process. *Id.* ¶ 31–47. Petitioner seeks release from detention. *Id.* ¶ 47.

The Court issued a scheduling order instructing Respondents (collectively "the Government") to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. No. 4 at 1. The Government filed an "abbreviated return" requesting only "that this Court decide whether a writ should be granted based on the Petition and related filings." Dkt. No. 7. The abbreviated return does not contain legal argument or any factual assertions.

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Here, Petitioner argues that her bond hearing was constitutionally deficient where she did not receive advance notice and was unable to prepare her defense. *See* Dkt. No. 1 ¶¶ 31–42. Petitioner also argues that her continued detention violates due process and has "no end in sight" where she has been detained for almost a full year. *Id.* ¶¶ 43–55. These arguments have been accepted by numerous courts in this Circuit, including this one. *See, e.g.*, *Hidalgo v. Warden*, No. 1:26-CV-04755-DJC-SCR, 2026 WL 2547030, at *2 (E.D. Cal. Aug. 28, 2026) ("Because Petitioner did not have notice of ... the bond hearing, he did not have the opportunity to prepare

and present evidence. As a result, he was deprived of a sufficient opportunity to put forward evidence, undermining the fundamental fairness of his bond hearing and depriving him of due process."); *Gharza v. Blanche*, No. C26-1702-SKV, 2026 WL 1678659, at *3 (W.D. Wash. June 10, 2026) (finding that petitioner's detention—which was "approaching eleven months"—had "become effectively indefinite under *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)]," thereby "entitl[ing] [him] to release").

Because the Government has declined to present a defense in this case, the Court construes the habeas petition as intentionally unopposed and finds that the Government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). As many other courts have found in such circumstances, the petition should be granted based on the Government's "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id.* ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

In sum, the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. No. 1) and ORDERS that Petitioner shall be released from detention no later than November 21, 2026. The Government shall file a status report no later than November 24, 2026, confirming Petitioner's release in compliance with this order.

Dated this 20th day of November, 2026.

Kymberly K. Evanson
United States District Judge